**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KARIM MAHMOUD,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1171-PGB-NWH**

**SECRETARY, DEPARTMENT OF HOMELAND SECURITY and ACTING DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**

**Defendants.**
_____________________________/

**ORDER**

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, Plaintiff Karim Mahmoud's ("**Plaintiff**") Complaint is dismissed without prejudice as a shotgun pleading.

## I. BACKGROUND

Plaintiff initiated this action on June 29, 2025, against Defendants Secretary, Department of Homeland Security and Acting Director, U.S. Citizenship and Immigration Services (collectively, the "**Defendants**"). (Doc. 1 (the "**Complaint**")). Among other things, Plaintiff seeks to compel Defendants' adjudication of Plaintiff's Form I-765, Application for Employment Authorization. (*Id.* at p. 1).

In the Complaint, Plaintiff summarily pleads a series of claims under one heading entitled "Cause of Action." (*Id.* at pp. 3–6). Similarly, Plaintiff seeks myriad relief under one heading entitled "Prayer for Relief." (*Id.* at pp. 6–7).

## II. DISCUSSION

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[1] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Simply put, Plaintiff's Complaint falls within the third category of shotgun pleadings as it fails to separate "into a different count each cause of action or claim for relief." (*See* Doc. 1); *see Weiland*, 792 F.3d at 1323. Notably, Plaintiff's Complaint does not separate any cause of action or claim for relief. (Doc. 1). Instead, Plaintiff's Complaint alleges a series of claims throughout two headings entitled, "Cause of Action" and "Prayer for Relief." (*Id.* at pp. 3–7). Consequently, the Court *sua sponte* dismisses Plaintiff's Complaint as a shotgun pleading. Plaintiff may file an amended complaint to cure the aforementioned defects. In the amended complaint, Plaintiff shall separate each cause of action or claim for relief into a different count.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before July 15, 2025, Plaintiff may file an amended complaint consistent with the directives of this Order. Failure to timely comply with this Order shall result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on July 1, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties